754 So.2d 1062 (1999)
HAWCO MANUFACTURING CO., INC.
v.
SUPERIOR CHAIN, INC., Watson Rentals, Inc. and Welding Machine Rentals, Inc.
No. 98 CA 1037.
Court of Appeal of Louisiana, First Circuit.
September 24, 1999.
*1063 Peter Butler, Peter Butler, Jr., Richard G. Passler, W. Christopher Beary, New *1064 Orleans, Counsel for Plaintiff-1st Appellant-2nd Appellee Hawco Manufacturing Co., Inc.
Gary A. Bezet, Gregory M. Anding, Barrye P. Miyagi, Robert E. Dille, Scott Johnson, Baton Rouge, Counsel for Defendants-1st Appellees-2nd Appellants Superior Chain, Inc., Watson Rentals, Inc. and Welding Machine Rentals, Inc.
Before: GONZALES, PARRO, FITZSIMMONS, GUIDRY and PETTIGREW, JJ.
FITZSIMMONS, J.
Hawco Manufacturing Co., Inc. (Hawco) appeals an adverse declaratory judgment. The judgment held that Hawco's payment on a promissory note executed by Hawco did not satisfy its obligation in favor of Superior Chain, Inc., Watson Rentals, Inc. and Welding Machine Rentals, Inc. (Watson). The latter three entities are the sellers of the plaintiff corporation. This court reverses the trial court judgment in the following respects.

PURCHASE AGREEMENT
On December 26, 1990, Hawco Manufacturing Co., Inc., Henry A. Watson, Hawco Rentals, Inc. and Welding Machine Rentals, Inc. entered into a written purchase agreement for the sale of ownership of a manufacturing and sales business[1] to Sohawk, Inc. The successor corporation to Hawco Manufacturing Co., Inc. was named Superior Chain. Watson Rentals, Inc. became the successor corporation to Hawco Rentals. Sohawk, Inc. later assumed the name, Hawco Manufacturing Co., Inc.
The issue on this appeal is concerned with only one element of the consideration given by Hawco for the purchase of the grapples and buckets business. The dispute emanates from Hawco's agreement to provide Watson with "$3,255,124.00in the form of a Promissory Note, payable over ten(10) years with interest at the rate of 12% per annum...."
Between the thirty-fourth and the thirty-fifth months after the execution of the sale of the corporation, the purchaser, Hawco, tendered payment to Watson in the sum of $3,458,475.30. This monetary figure was reflected on the loan amortization schedule (which was incorporated into the written purchase agreement) as the balance of payment due on the promissory note as of the time of the payment. Watson accepted the payment; however, they refused to return the promissory note. Watson contended that Hawco had not paid the full sum due, pursuant to the terms of the sale and the note.

LITIGATION HISTORY
A petition for declaratory judgment was filed by Hawco in which it sought a determination by the court that it was entitled to make a prepayment and that the payment on November 16, 1993, constituted full satisfaction of its obligation. Watson answered the petition and, additionally, filed a reconventional demand. The reconventional demand asserted the following against Hawco: (1) a breach of contract under the note and purchase agreement, which entitled Watson to monetary damages for its breach; (2) reformation of the contract; (3) specific performance; (4) payment of the full price; and (5) attorney fees.
After a trial of the matter, the trial court determined: (1) the obligation represented by the note executed by Hawco had not been satisfied by the payment in dispute; (2) Hawco did not have a claim for wrongful conversion of the note; (3) Hawco did not have a claim for attorney fees; and, (4) Watson's reconventional demand was denied.
In its reasons, the court initially found that the circumstances of the purchase *1065 agreement permitted the introduction of parol evidence to more fully express the true cause behind the contract which was not reflected by its terms; moreover, the court deemed that the written contract did not reflect the entire agreement. After receiving parol evidence, the court determined that the intent of the parties, and particularly Mr. Watson, was that Watson would ultimately receive a specific amount of money. That sum would only be satisfied by payment in an amount equivalent to the amount that would have been advanced if the loan had proceeded to full term. In this regard, the court noted that there was no prohibition in the agreement against Hawco prepaying the note; however, the sum owed by Hawco for prepayment purposes amounted to the equivalent of the initially proposed $4,000,000 note payable at an 8.25% interest rate.
Hawco has appealed the trial court decision, asserting the following assignments of error:
1) The trial court erred in failing to find that the pertinent contracts allowed the appellant to prepay the note on November 16, 1993, by tendering the amount indicated on the amortization schedule as being the maximum balance due and owing under the note.
2) The trial court erred in failing to apply Louisiana law, specifically La. R.S. 9:3509.3, to its factual conclusion that the note was silent as to prepayment.
3) The trial court erred in allowing parol evidence to be admitted.
4) The trial court erred in reforming and re-writing the agreement and the note without finding the requisite mutual intent of all parties being contrary to the written contract.
5) The trial court erred in failing to find that, regardless of the terms of the note and the agreement, the seller agreed to accept the payment as tendered on November 16, 1993, in full satisfaction of all amounts due on the note.
6) The trial court erred in not awarding attorney's fees to the appellant.
In Watson's answer to the appeal, the following errors of law were assigned:
1) The trial court erred in not recognizing that the note, by its terms, is not prepayable.
2) The trial court erred, as a matter of law, when it refused to render a money judgment in Watson's favor against Hawco for the amount which remains unpaid.
3) The trial court erred as a matter of law, when having recognized that Hawco had defaulted under the terms of the note and agreement, it refused to render judgment recognizing that Watson was entitled to the benefits provided for in the note and agreement, including, but not limited to: the right to the return of the Hawco name; the right to reenter the bucket and grapple business; the right to cancel an option to purchase real estate which was contained in the agreement; and the right to recover reasonable attorney fees as the prevailing party.

PAROL EVIDENCE
At the outset of the trial, the court denied Hawco's motion in limine to prohibit the introduction of parol evidence to interpret the purchase agreement. The admissibility of extrinsic evidence in the interpretation of the purchase agreement is the threshold issue in determining the outcome of the lawsuit.
When the terms of a written contract are susceptible to more than one interpretation, or there is uncertainty or ambiguity as to its provisions, or the intent of the parties cannot be ascertained from the language employed, parol evidence is admissible to clarify the ambiguity or show the intention of the parties. Amoco Production Company v. Fina Oil & Chemical Company, 95-1185, p. 12 (La.App. 1st Cir.2/23/96), 670 So.2d 502, 511, writ denied, 96-1024 (La.5/31/96), 673 So.2d 1037.
*1066 Intent of the parties constitutes an issue of fact that can be inferred from all the surrounding circumstances. Kuswa & Associates, Inc. v. Thibaut Construction Company, Inc., 463 So.2d 1264, 1266 (La. 1985). The rules of interpretation of a contract, however, establish that when the words of a written agreement are clear and explicit and lead to no absurd result, no further interpretation as to the intent of the parties can be made. Martin Exploration Company v. Amoco Production Company, 93-0349, p. 5 (La.App. 1st Cir.5/20/94), 637 So.2d 1202, 1205, writ denied, 94-2003 (La.11/4/94), 644 So.2d 1048.
A determination of the existence or absence of an ambiguity in a contract entails a question of law. Amoco Production Company, 95-1185 at p. 13, 670 So.2d at 511. An appellate review that is not founded upon any factual findings made at the trial court level but, rather, is based upon an independent review and analysis of the contract within the four corners of the document, is not subject to the manifest error rule of law. Amoco Production Company, 95-1185 at p. 13; 670 So.2d at 512.
After an in-depth de novo review of the written purchase agreement confected between the litigating parties, we find the terms of consideration in the contract to be precise and unambiguous. Under the heading of "Purchase Price," the purchase agreement unequivocally lists the consideration for the sale of the assets of the corporation. The purchase agreement provides that the assets of the corporation were being sold for the following consideration to be provided by Hawco: a) $1,000,000.00 to be paid in cash at the time of the closing; b) a promissory note in the sum of $3,255,124.00, payable over a ten-year period with interest at the rate of 12% according to a delineated schedule; c) a promissory note in the sum of $697,000.00 payable to the seller over a ten year period with interest at the rate of 12% per annum; and d) seller's "Raw Materials Inventory and Work-In-Progress" to be purchased in cash as agreed upon by the parties at the time of the inventory of same at or just prior to the closing.
The disputed subsection, involving the $3,225,124.00 promissory note, contains no ambiguity in its execution of a note with a ten-year term at an interest rate of 12% per annum. The loan amortization schedule provides that, as of the 34th month following the agreement, the loan balance would be $3,472,715.65. Moreover, in a separate section of the agreement, classified as "Allocation of Purchase Price," the sum of the consideration for the sale corresponds to the monetary amounts portrayed in the section entitled "Purchase Price."
Finally, in a section of the agreement, named "Entire Agreement," the following language enunciates the intent of the parties to be bound by the terms set forth in the purchase agreement:
Entire Agreement
This Agreement, together with its exhibits, constitutes the entire agreement between the parties hereto with respect to the transactions contemplated hereby, contains all of the terms and conditions thereof, and supersedes all other agreements or contracts, oral or written, between the parties with respect to the transaction contemplated herein. (Emphasis ours.)
Given the absence of any ambiguity within the written agreement, the trial court's admission of parol testimony to interpret the intent of the parties is hereby reversed. In the absence of ambiguity, the written contract between the parties is the law between them. No further interpretation may be made in search of the parties' intent. La. C.C. art. 2045. Courts are required to recognize the legal effect of such contracts, and to hold the parties to a full performance of the obligations flowing from the terms. Spohrer v. Spohrer, 610 So.2d 849, 851-852 (La. App. 1st Cir.1992). The letter of a contract should not be disregarded under the *1067 pretext of pursuing its spirit. Cashio v. Shoriak, 481 So.2d 1013, 1015 (La.1986).

PREPAYMENT
Hawco asserts on appeal that the trial court erred in not applying the provisions of La. R.S. 9:3509.3. Watson alleges in its answer to the appeal that the note was not prepayable, pursuant to the terms of the promissory note. Watson's position that prepayment is prohibited is premised on the written provision of the note indicating a ten-year term. That term designated exact amounts to be paid on a monthly basis from the inception of the note until final payment.
The trial court judge noted in his opinion that there was no explicit written provision regarding prepayment of the note in any documentation associated with the sale of Hawco Manufacturing Company. The court did not render a judgment that prepayment was prohibited; however, it declared that the disputed sum paid by Hawco did not constitute payment of the full amount due and owing on the note; therefore, the obligation represented by the note had not been satisfied.
There are several principles of law that affect a resolution of this issue. In the absence of evidence to the contrary, a term of a note is presumed to benefit the obligor. La. C.C. art. 1779. A review of the purchase agreement sub judice, and in particular, the promissory note and the letters of credit which guarantee payment, does not reveal any provision prohibiting prepayment of the note prior to maturity. Indeed, the agreement specifically allows for prepayment in the following language: "... Purchaser obligates itself to renew and extend the referenced Letter of Credit for additional one year terms throughout the ten (10) year term of the aforementioned Promissory Note or until said Note is paid in full if paid prior to the end of the ten year term, whichever event shall first occur." (Emphasis added.) The amortization schedule indicates the amount due and owing on the note each month prior to the passage of the ten-year period. Furthermore, even in the absence of any provisions regarding prepayment, La. R.S. 9:3509.3 permits a debtor of a loan to prepay "in full at any time the unpaid balance of all sums due and owing at that point in time."
A pivotal issue in the case before us becomes whether the phrase "until said Note is paid in full" creates ambiguity in the intent, or true cause, of the parties as to the exact sum that would be owed, if the note were paid prior to the end of the ten-year term. Any doubtful provision must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and other contracts of a like nature between the same parties. La. C.C. art.2053; Amoco Production Company, 95-1185 at pp. 13-14, 670 So.2d at 511. In this regard, it is observed that the wording of the phrase in the purchase agreement, "paid in full," utilizes standard and customary language for prepayment of loans.
As of the time of the prepayment in controversy, the full amount of the loan, which was specifically designated on the loan amortization schedule under the caption of "Loan Balance," amounted to $3,458,475.30. Thus, the words of the purchase contract are clear, explicit, and lead to no absurd consequences. La. C.C. art. 2046. The words of a contractual agreement must be given their generally prevailing meaning, viewing the written contract as a whole. La. C.C. arts. 2047 and 2050. To interpret the language "until said Note is paid in full if paid prior to the end of the ten year term" as anything other than requiring payment of the loan balance, as of the time of the prepayment, would result in a strained interpretation for the purpose of reaching what the court obviously felt was an equitable result. Albeit well-intentioned, this approach is not a procedural avenue available in the legal interpretation of the intent of the parties in Louisiana. In those instances in which the written contract is clear, explicit and can stand alone as a reasonable determination *1068 of the common intent of the parties, equity is not the determinant. La. C.C. arts. 2045 and 2046. Martin Exploration Company, 93-0349 at p. 5, 637 So.2d at 1205.
We, therefore, reverse the trial court holding that the obligation represented by the note executed by Hawco in favor of Watson was not satisfied by the payment of the sum of $3,458,475.30.

ATTORNEY'S FEES
The terms of the purchase agreement provide for attorney fees in the following paragraph:
Should either Party hereto have to file suit against any other Party or Parties hereto for the enforcement of this Agreement or any of the other agreements contemplated herein, or to collect any sums due under this Agreement or any of the other agreements contemplated herein, then the the (sic) unsuccessful Party shall pay the reasonable attorney's fees of the prevailing Party in the subject litigation. (Emphasis added.)
The trial court denied Watson's claim for attorney's fees.[2] As the prevailing party in this dispute, attorney's fees are contractually owed to Hawco by Watson. In this regard, the case is remanded to the trial court to establish what, in its view, is a reasonable amount of attorney's fees.
In conclusion, the judgment of the trial court decreeing that the obligation represented by the note, executed in favor of Watson, had not been satisfied by the payment at issue, is reversed. The matter is remanded to the trial court to set reasonable attorney's fees to which Hawco is entitled under the specific circumstances surrounding this litigation. Hawco and Watson are each assessed with one-half of the costs associated with this appeal.
REVERSED AND REMANDED.
NOTES
[1] Hawco Manufacturing Co., Inc. was in the primary business of the manufacture and sales of grapples and buckets.
[2] Both Hawco and Watson have demanded attorney fees on appeal.